IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 19-cv-00344-RBJ

KELSEY CANADY and MARY CANADY,

    Plaintiffs,

v.

NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

This matter is before the Court on defendant Nationwide Affinity Insurance Company of America ("Nationwide")'s motion for judgment on the pleadings on plaintiffs' second claim for relief. ECF No. 23. For the reasons stated herein, the motion is GRANTED.

## I. BACKGROUND

This case arises out of an insurance claim for hail damage to the home of plaintiffs Kelsey Canady and Mary Canady ("the Canadys"). The Canadys own a home located in Aurora, Colorado ("the property"). ECF No. 19 ¶ 2. During the period of February 28, 2018 to February 28, 2019, the property was covered by a homeowners' insurance policy issued by Nationwide ("the policy"). *Id*.

On June 19, 2018 a hail storm struck parts of the Denver, Colorado metropolitan area and damaged the property. *Id.* ¶ 5. The property sustained large hail impact points, broken roof tiles, dented soft metals on the roof, damaged gutters and downspouts, and more. *Id*. On October 22, 2018 the Canadys filed a claim for the damage with Nationwide. ECF No. 20 ¶ 10. In filing the

claim, they reported that the roof had several broken tiles that were discontinued and no longer manufactured. ECF No. 19 ¶ 6. The Canadys subsequently cancelled the claim on October 25, 2018, but they reinstated it on November 15, 2018. ECF No. 20 ¶ 10.

Because the roof tiles were discontinued, replacement tiles were available only via salvage. ECF No. 19 ¶ 7. According to the local Building Department requirements, national and local code requirements, and the manufacturer's installation requirements, salvaged tiles were not code-compliant and therefore not appropriate for use. *Id*. The most-similar tiles in active production do not interlock, or "fit," with the existing discontinued tiles on the roof. *Id*. The Canadys allege that under the industry standard and the applicable regulations, the only reasonable remedy available is to replace the entire roofing system with new, like-kind tiles. *Id*.

Nationwide inspected the property on November 19, 2018, four days after the Canadys reinstated their claim. ECF No. 20 ¶ 10; ECF No. 20-2 at NWA_000192. Nationwide created a Loss Report on November 20, 2018, which documented the damage and recommended an Actual Cash Value ("ACV") payment of $1,927.45 for "repairs to the roof and to replace the turtle vents and exhaust vent caps, [and to] detach the tiles around the turtle vents." *Id*.

Nationwide paid the Canadys the full recommended amount of $1,927.45 on November 29, 2018, within two weeks of the Canadys' reinstating their claim. ECF No. 20-4 at NWA_000089. Nationwide confirmed with the Canadys that they had received the payment and closed its file on the claim. ECF No. 20-1 at NWA_000109. There was no further communication between the parties about the claim until the filing of the instant complaint. *Id*.

On January 17, 2019 the Canadys filed the present lawsuit in the District Court for Arapahoe County, Colorado. ECF No. 4 at 1. During the 49 days after Nationwide had issued its payment the Canadys had not disputed the payment, or requested another inspection, or

requested an appraisal, or provided any indication that they disagreed with Nationwide's evaluation of the claim. It does not appear that they were facing the imminent expiration of a statute of limitation. Nevertheless, in addition to asserting breach of contract, they alleged that Nationwide had unreasonably delayed or denied their claim and sought a statutory payment of what they now claimed to be the benefit owed (full replacement of the roof), plus two times that benefit, plus their attorney's fees.

Nationwide removed the case to this Court on February 8, 2019, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446. ECF No. 1 at 1–2. The Canadys filed an amended complaint on March 20, 2019, again asserting both breach of contract and unreasonable denial or delay of insurance benefits in violation of Colo. Rev. Stat. § 10-3-1115 and 1116. ECF No. 19 ¶¶ 12–21. The Canadys' allegations center around the fact that Nationwide's claim payment did not provide for the cost of replacing the entire roofing system or additional "significant damage," despite policy coverage. ECF No. 19 ¶ 10.

In response, on April 24, 2019 Nationwide filed the instant motion for judgment on the pleadings under Rule 12(c) on the Canadys' second claim for relief. ECF No. 23 at 1. Nationwide argues that the amended complaint fails to state a claim as a matter of law because Nationwide has neither unreasonably denied nor unreasonably delayed covered insurance benefits to the Canadys. *Id*.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). The court "look[s] to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief." *XY, LLC v. Trans Ova Genetics, LC*, 333 F. Supp. 3d

1097, 1101 (D. Colo. 2018). In so doing, the court must accept the non-movant's well-pleaded factual allegations as true and draw all reasonable inferences in the non-movant's favor. *See id.* The issue is not whether the plaintiff will ultimately prevail on his or her claim, but whether she is entitled to offer evidence to support it. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). Dismissal on the pleadings is appropriate only where the court determines that the plaintiff's pleading does not state enough facts to raise a plausible claim for relief. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

## III. ANALYSIS

### A. What May Be Considered on a Rule 12(c) Motion

Preliminarily, the Canadys object to the Court's consideration of attachments to Nationwide's answer. ECF No. 29 at 8. They argue that I cannot consider these attachments without converting Nationwide's motion into a motion for summary judgment, which in turn would be premature. *Id.* at 8, 11.

The Tenth Circuit has not directly addressed whether attachments to an answer can be considered in adjudicating a Rule 12(c) motion. *See Tuttle v. Nationwide Affinity Ins. Co. of Am.*, No. 19-CV-00526-NYW, 2019 WL 2208513, at *2 (D. Colo. May 22, 2019) (slip copy) (collecting cases). The Tenth Circuit has, however, held that "documents attached to the pleadings are exhibits and are to be considered in . . . [ruling on a] Rule 12(c) motion." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

4

Courts within the District of Colorado have interpreted this proposition with varying degrees of breadth. Some appear to exclude attachments to the answer from consideration. *See, e.g.*, *XY, LLC v. Trans Ova Genetics, LC*, 333 F. Supp. 3d 1097, 1101 (D. Colo. 2018) ("In ruling on a motion for judgment on the pleadings, the Court may consider the complaint, any material that is attached to the complaint, and the answer."). Others have stated the standard more broadly, either expressly or implicitly allowing consideration of attachments to an answer. *See, e.g.*, *Tuttle*, 2019 WL 2208513, at *2 ("Defendant's attachments to its Amended Answer are properly considered part of the factual record in ruling on this Rule 12(c) motion . . . ."); *Micale v. Bank One N.A. (Chicago)*, 382 F. Supp. 2d 1207, 1216 (D. Colo. 2005) ("The determination of a Rule 12(c) motion is confined to the pleadings and to any documents attached as exhibits to the pleadings, including the defendant's answer."); *see also United States v. Zazi*, 356 F. Supp. 3d 1105, 1114 (D. Colo. 2018) ("Documents attached to the pleadings, however, are subject to full consideration in a court's review of a Rule 12(c) motion.").

Some of our sister districts within the Tenth Circuit have also interpreted the standard as allowing consideration of attachments to an answer. *See Richard v. Perkins*, 373 F. Supp. 2d 1211, 1215 (D. Kan. 2005); *Burkett v. Convergys Corp.*, No. 2:14-CV-376-EJF, 2015 WL 4487706, at *9 (D. Utah July 23, 2015) ("In deciding a motion for judgment on the pleadings, the Court considers only the Complaint, the Answer, and documents attached as exhibits to either."); *Rosen v. U.S. Bank Nat'l Ass'n*, No. CIV-06-0427 JH/LAM, 2006 WL 8443325, at *2 (D.N.M. Nov. 8, 2006) (considering exhibits attached to the complaint and answer in adjudicating a motion for judgment on the pleadings).

Given precedent from District of Colorado courts expressly allowing consideration of attachments to an answer, and given the lack of precedent expressly disallowing such

5

consideration, I find it proper to consider the attachments to Nationwide's answer in ruling on this Rule 12(c) motion. That said, I note that none of the attachments to Nationwide's answer appear to contradict any of the allegations provided in the complaint.

### B. C.R.S. § 10-3-1115

The Canadys bring a claim for unreasonable denial under C.R.S. § 10-3-1115. ECF No. 19 ¶¶ 20–25. Under § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis breaches its statutory duty of good faith and fair dealing. *See Hampden Auto Body Co. v. Auto-Owners Ins. Co.*, No. 17-CV-1894-MSK-SKC, 2019 WL 1331979, at *5 (D. Colo. Mar. 25, 2019). To prove a claim of unreasonable delay or denial, an insured must demonstrate that: (1) the insurer delayed or denied payment of benefits to the insured, and (2) that delay or denial was without a reasonable basis. *See Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018).

Nationwide makes two counterarguments to the Canadys' § 10-3-1115 claim: (1) the claim is properly one for unreasonable delay rather than denial, and (2) Nationwide did not unreasonably delay payment of the covered benefits. ECF No. 23 at 5. I address each counterargument in turn.

   1. Whether the Claim Is Properly Unreasonable Delay or Unreasonable Denial.

The Colorado Court of Appeals defined unreasonable denial and unreasonable delay in *Soicher v. State Farm Mutual Automobile Insurance Co*., 351 P.3d 559, 568 (Colo. App. 2015). Unreasonable denial occurs "when an insurer denies a claim outright," whereas unreasonable delay occurs "when the insurer pays on a claim but disputes the value of that claim, thereby delaying payment of the claim's full value." *Id*. A plaintiff cannot bring simultaneous claims for unreasonable denial and unreasonable delay for the same conduct. *Id*.

Here, Nationwide conceded that the damage to the roof tiles was covered under the policy and issued partial payment. Nationwide did not deny that the claim was covered under the policy; rather it disputed the value of that claim. Specifically, it disputes that it was necessary to replace the entire roofing system in order to remedy the few broken tiles. Thus, the Canadys' unreasonable-denial claim is properly brought as an unreasonable-delay claim.

Yet Nationwide overstates the significance of this distinction. The *Soicher* court provided distinct definitions only to explain why a plaintiff cannot bring simultaneous claims for both unreasonable denial and unreasonable delay for the same conduct. *Id*. Unreasonable delay and unreasonable denial are two different ways of conceptualizing the same claim: unreasonable *conduct* by an insurer leading to failure to pay either all or part of the amount allegedly due. Whether a claim is one for unreasonable denial or unreasonable delay is merely semantics. Contrary to Nationwide's analysis, *Soicher* posed no further evidentiary distinction between the two.

Because there is no practical distinction, the same allegations of unreasonable conduct can be relevant to both claims. A plaintiff claiming unreasonable delay may present evidence that the insurer's initial determination (i.e., the partial payment) was unreasonable. This interpretation makes intuitive sense—an insurer's unreasonable failure to pay the total amount in its initial determination constitutes unreasonable delay in the total payment amount. Unreasonable conduct does not become irrelevant to a § 10-3-1115 claim merely because the insurer issued partial payment, thereby transforming the claim into one for unreasonable delay. Put another way, an insurer who has acted unreasonably at the determination stage should not get a free pass simply because it issued at least partial payment, no matter how small or

unreasonable the payment. Applying this logic to the instant case, the Canadys may present evidence of unreasonable conduct at the determination stage in their unreasonable-delay claim.

        2.   <u>Whether the Canadys Have Sufficiently Alleged Unreasonable Delay</u>.

The Canadys have alleged that Nationwide's determination is unreasonable because it is based on the repair or replacement of broken tiles in circumstances that are contrary to local and national code requirements as well as manufacturers' installation requirements. ECF No. 19 ¶¶ 11, 23. They assert that their claim "was so open and obvious that any reasonable insurer would have paid the claim in full," apparently meaning replacing the entire roof. *Id.* ¶ 20. The combination of the alleged obviousness that the whole roof had to be replaced in order to comply with codes and standards seems to be the justification for accusing Nationwide of unreasonable conduct.

I am not persuaded. While this is not the stage of a case to assess the ultimate merits, it is the stage where a court must determine whether the plaintiff has alleged facts sufficient to establish a plausible claim. The conclusory allegation that replacement of the entire roof was required by codes or standards, without identifying those codes or standards, is not sufficient. The conclusory allegation that this was open and obvious to Nationwide is not sufficient. On the contrary, I have some question as to whether these allegations were even made with a sufficient good faith basis to comply with Rule 11 of the Federal Rules of Civil Procedure.

An insured should not be allowed to automatically accuse an insurer of bad faith in every situation in which the insurer disagrees with the insured about the value of a claim. I take into consideration, however, that the Canadys are not, to my knowledge, lawyers or individuals experienced in insurance coverage law. The complaint was filed on their behalf by counsel who have filed numerous contract and bad faith claims arising from hail and wind storm damage in

this district.  However, those lawyers have since withdrawn, leaving the Canadys presently without counsel.  ECF Nos. 37–39.  In the circumstances, I will dismiss the Second Claim for Relief without prejudice.  However, I caution that the Canadys, and any new lawyers that they might retain, should take a hard and close look at the alleged codes and standards, and engage in constructive communications with Nationwide, as they consider whether there is a good and sufficient basis in fact and law to amend to re-assert any claim under Colo. Rev. Stat. §§ 10-3-1115 or 10-3-1116.

**ORDER**

Defendant's motion for judgment on the pleadings, ECF No. 23, is and GRANTED.  Plaintiffs' Second Claim for Relief as set forth in their First Amended Complaint is dismissed without prejudice.

DATED this 23rd day of January, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge